# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**CURTIS ALLEN DAVIS,**
    **Petitioner,**

**v.**                                  Case No. 3:22cv285-LAC/MAF

**M.V. JOSPEH,**
    **WARDEN FPC PENSACOLA,**
    **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

Curtis Allen Davis, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  On March 18, 2022, Respondent filed a Motion to Dismiss for Lack of Jurisdiction, with exhibits.  ECF No. 6.  Davis filed a response titled "Objections to Govts Show Cause."  ECF No. 9.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned concludes that Respondent's Motion to Dismiss should be granted, and the § 2241 petition should be dismissed.

## Background

Davis was charged in the Southern District of Florida in Case No. 1:14cr20008 with conspiracy to commit bank fraud and wire fraud affecting a financial institution in violation of 18 U.S.C. § 1349 and two counts of substantive bank fraud in violation of 18 U.S.C. § 1344(1). The charges stemmed from Davis' alleged involvement in a complex real estate fraud scheme. A jury convicted Davis as charged, and the court sentenced him to 240 months' imprisonment on each count, to run concurrently, followed by five years of supervised release. The Eleventh Circuit affirmed his conviction on appeal. *United States v. Rabuffo*, 716 Fed. App'x 888 (11th Cir. 2017), and the Supreme Court denied certiorari. *Olivier v. United States*, 138 S. Ct. 2694 (2018).

In May of 2019, Davis timely filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence in the Southern District of Florida, his district of conviction, raising five claims for relief. ECF No. 6, Exh. 1. The district court rejected three of the claims because they had already been raised and rejected on appeal. ECF No. 6, Exh. 2. One of the claims was procedurally barred because it could have been but was not raised at sentencing or on direct appeal, and Davis' ineffective assistance of counsel

claim was rejected as without merit.

Davis now raises three claims in his § 2241 petition, each directed at the validity of his underlying conviction. First, he claims the sentencing court lacked Article III Constitutional Authority to adjudicate his case because the United States was not injured in any way by the alleged acts. ECF No. 2 at 3. Second, he claims the court did not have subject matter jurisdiction. *Id.* Third, Davis contends that 18 U.S.C. § 1349, which proscribes attempt and conspiracy, is "not a prohibited act." *Id.* at 4. Davis asserts that the Southern District of Florida district court's denial of his § 2255 motion due to a "procedural bar" renders § 2255 ineffective and inadequate to challenge his conviction.

Respondent has moved to dismiss the petition, contending that it is merely an unauthorized second § 2255 motion, disguised as a § 2241 petition, raising claims that could have been raised previously, either in the district of his conviction or on direct appeal.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus. *See United States v. Hayman*, 342 U.S. 205 (1952). The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3)

of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in *Hayman*, prisoners must bring habeas corpus applications in the district of confinement. 342 U.S. at 213. Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28. *See Hayman,* 342 U.S. at 212-14, 218; *see also Amodeo v. FCC Coleman-Low Warden,* 984 F. 3d 992, 996 (11th Cir. 2021) *cert. denied sub nom. Amodeo v. FCC Coleman - Low*, 142 S. Ct. 836 (2022); *Wofford v. Scott,* 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels collateral challenges to the legality of the conviction and sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348,

1351-52 (11th Cir. 2008); *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence). Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention. *See Antonelli*, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); *Thomas v. Crosby*, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

However, an exception exists under the savings clause found in 28 U.S.C. § 2255(e), which allows a petitioner to seek relief under 28 U.S.C. § 2241 if a petition under § 2255 would be "inadequate or ineffective to test the legality of [the petitioner's] detention." *Amodeo*, 984 F. 3d at 997; *McCarthan*, 851 F.3d at 1081. The *McCarthan* court explained the proper analysis of the savings clause exception as follows:

> To determine whether a petitioner satisfies the saving clause, we ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim. And to answer this question, we ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy.

Id. at 1086–87. If § 2255 offers a remedy for a particular kind of claim, a motion filed under it provides a meaningful opportunity to test that kind of claim, and the saving clause does not apply. *Amodeo*, 984 F.3d at 998. The court's focus is on the word "remedy." The failure to prevail on a § 2255 motion does not mean the "remedy" provided by that statute is inadequate or ineffective. As the *Amodeo* court noted, the fact that a movant may lose because of untimeliness, or procedural default, or his failure to bring the claim or claims in an initial § 2255 motion, is indicative of the inadequacy or ineffectiveness of the case or the claims, not the remedy. *Amodeo*, 984 F.3d at 998 (citing *McCarthan*, 851 F.3d at 1086). It "does not matter to the saving clause whether a claim is timely or untimely, is barred or not barred, has merit or no merit," because even if a petitioner's claim fails under circuit precedent, a motion to vacate "remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court." *Id.*

at 998-999 (citing *McCarthan*, 851 F. 3d at 1099).

A § 2255 motion is "inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." *McCarthan*, 851 F. 3d at 1099.   There are only two categories of cases in which a federal prisoner can seek relief pursuant to § 2241.   The first one, as alluded to above, is when a prisoner challenges the execution, as opposed to the legality of his sentence, such as the deprivation of good time credits or parole determinations.   *Amodeo*, 984 F. 3d at 999.   The second is when the sentencing court is unavailable or dissolved, or where practical considerations like "multiple sentencing courts" prevent the filing of a § 2255 motion.   *Id.* at 999-1000.   The petitioner bears the burden of establishing that § 2255 is inadequate or ineffective.   *McCarthan*, 851 F. 3d at 1081.

In this case, as referenced above, Davis' § 2241 petition raises three grounds for relief each attacking the validity of his conviction and sentence. Although he claims § 2255 is "inadequate or ineffective," under prevailing law he is mistaken.   Davis could have raised the claims he now seeks to raise in his initial motion to vacate, if not also on direct appeal.   As such, the remedy by § 2255 motion was adequate and effective, and he cannot use the savings clause to raise these claims via § 2241.   *Amodeo*, 984 F. 3d at

1003; *McCarthan*, 851 F. 3d at 1099-1100.

## Conclusion

For the reasons set forth above, Petitioner Davis has not shown he is entitled to proceed under 28 U.S.C. § 2241. Accordingly, it is **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 6) be **GRANTED** and the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 2) be **DISMISSED for lack of jurisdiction**.

**IN CHAMBERS** at Tallahassee, Florida, on April 19, 2022.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**